UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOSEPH KENNETH NEAL,

                Plaintiff,

           - against-

DEPT. HOMELESS SERVICES and
SHAQUANA LANCE,

                Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
17-CV-6802 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

On November 17, 2017, Plaintiff Joseph Kenneth Neal filed this *pro se* action against the New York City Department of Homeless Services and Shaquana Lance, a case worker at a homeless shelter. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this order. The complaint is hereby dismissed.

## BACKGROUND

Plaintiff claims that he was previously the plaintiff in a lawsuit against the Johnson Publishing Company. (Complaint, Dkt. 1, at 5.) He states that a lawyer in the case attempted to contact him, but that his case worker, Shaquana Lance, failed to deliver the message to him. (*Id.*) Plaintiff alleges that when he confronted Lance and the Department of Homeless Services about the call, they "failed to acknowledge" him. (*Id.* at 6.) The Complaint alleges "Negligence" as its basis for federal jurisdiction. (*Id.* at 4.) He seeks $2 million in damages, the amount he had originally sought from the Johnson Publishing Company. (*Id.* at 5.)

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). At the same time, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells*

*Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

## DISCUSSION

Plaintiff's Complaint fails to state a claim over which this Court has subject-matter jurisdiction. Negligence may be actionable under state law, but provides no basis for federal question jurisdiction. Merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause. *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (due process protections are not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (although official's negligence led to serious injury, constitution requires no procedure to compensate injury arising from negligence). Plaintiff's claim that a city government case worker failed to deliver a telephone message to him does not implicate any other provision of federal law that would provide a basis for federal question jurisdiction. In addition, Plaintiff has not adequately alleged that the citizenship of the parties is diverse and that his actual damages could exceed the amount-in-controversy requirement necessary for diversity jurisdiction. As Plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, the Court has no basis for federal subject matter jurisdiction over this action.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED:

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: January 3, 2018
      Brooklyn, New York